DA 10-0264

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 242N

BOBBY J. LaBOUCANE,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DC 07-24
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Patrick F. Flaherty, Attorney at Law, Great Falls, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

          Lewis Smith, Powell County Attorney, Deer Lodge, Montana

          Submitted on Briefs:  October 20, 2010

                     Decided:  November 10, 2010

Filed:

_____
               Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Third Judicial District Court, Powell County, denied Bobby J. LaBoucane's petition for post-conviction relief. LaBoucane appeals. We affirm.

¶3 The issue on appeal is whether the District Court erred in denying LaBoucane's petition for post-conviction relief.

¶4 In April 2007, the State charged LaBoucane with felony theft, pursuant to § 45-6-301(1)(a), MCA, alleging LaBoucane stole and pawned over $1,000 worth of tools in December 2006. On February 26, 2008, LaBoucane, who was represented by counsel, entered a plea agreement and pled guilty to felony theft. The District Court followed the State's recommendation and, in May 2008, sentenced LaBoucane to three years imprisonment, all suspended, plus a fine and victim restitution.

¶5 In July 2009, after LaBoucane violated multiple conditions of his suspended sentence, the State filed a petition to revoke. The District Court revoked LaBoucane's suspended sentence and committed him to the Department of Corrections for a period of three years. In March 2010, LaBoucane filed a petition for post-conviction relief, which the District Court denied on the basis that he failed to state a claim upon which relief could be granted.

2

¶6 On appeal, LaBoucane argues the District Court accepted his plea of guilty contrary to § 46-12-212(1), MCA, which requires that the court determine the plea is supported by a factual basis before accepting it, because the District Court did not require LaBoucane to admit the specific value of each item he stole in order to aggregate an amount greater than the then $1,000 requisite for felony theft. LaBoucane also argues the District Court erred in relying on certain case law in denying his petition for post-conviction relief and that his constitutional right to effective assistance of counsel was violated. The State asserts that LaBoucane's claims are waived, procedurally barred, and time barred. We agree with the State that LaBoucane's claims are time barred and need not address its other contentions.

¶7 This Court reviews the denial of a petition for post-conviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Robinson v. State*, 2010 MT 108, ¶ 10, 356 Mont. 282, 232 P.3d 403. We will affirm a district court's decision if it reached the right result, although for the wrong reason. *State v. Kenfield*, 2009 MT 242, ¶ 16, 351 Mont. 409, 213 P.3d 461.

¶8 A person adjudged guilty of an offense who has no adequate remedy of appeal and who alleges that the district court imposed his sentence contrary to the laws of this state may, under certain circumstances, petition the court to correct, modify, or vacate the sentence. *See* § 46-21-101(1), MCA. A petition for post-conviction relief may be filed at any time within one year of the date that the conviction became final. Section 46-21-102, MCA. The conviction becomes final when, among other things, the time for appeal to this Court has expired. *State v. Parrish*, 2010 MT 196, ¶ 10, 357 Mont. 375, 377, ___ P.3d ___. In

3

criminal cases, an appeal from judgment entered pursuant to § 46-18-116, MCA, must be taken within sixty days after judgment was entered. M. R. App. P. 4(5)(b)(i).

¶9 However, the one-year time bar may be waived if justified by "a clear miscarriage of justice, one so obvious that the judgment is rendered a complete nullity." *State v. Redcrow*, 1999 MT 95, ¶ 34, 294 Mont. 252, 980 P.2d 622 (quoting *Petition of Gray*, 274 Mont. 1, 908 P.2d 1352 (1995), *overruled on other grounds*, *Davis v. State*, 2008 MT 226, ¶ 23, 344 Mont. 300, 187 P.3d 654). A miscarriage of justice concerns actual, as opposed to legal, innocence, *Redcrow*, ¶ 33, and "arises only when a jury could find, in light of new evidence, that the defendant is actually innocent of the crime." *Id.* at ¶ 37.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The legal issues are clearly controlled by settled Montana law, and the record supports the District Court's conclusion denying LaBoucane's petition for post-conviction relief. Judgment was entered against LaBoucane in May 2008, and his conviction became final in July 2008. LaBoucane filed his petition for post-conviction relief in March of 2010, nearly twenty months after his conviction became final; therefore, his claim is time barred. Further, nothing in the record before us justifies waiver of the one-year time bar.

¶11 We affirm the District Court's conclusion, albeit for a different reason.

/S/ MICHAEL E WHEAT

We Concur:

4

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS